```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

DARRYL L. RUGLESS,

                Plaintiff,

  -vs-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**
**No. 6:11-CV-6624(MAT)**

## INTRODUCTION

Represented by counsel, Darryl L. Rugless ("Plaintiff") brought this action challenging the decision of the Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act. In a Decision and Order (Docket #12) dated November 20, 2012, this Court affirmed the Commissioner's decision and dismissed Plaintiff's complaint with prejudice. Judgment (Docket #13) was entered on November 21, 2012.

Plaintiff's counsel appealed this Court's decision to the United States Court of Appeals for the Second Circuit. In a summary order and judgment issued December 19, 2013, the Second Circuit vacated this Court's decision and remanded Plaintiff's case to the Commissioner for further administrative proceedings. See Docket #77 in Rugless v. Commissioner of Social Sec., No. 13-0295 (2d Cir. Dec. 19, 2013). The Second Circuit's order was filed as a mandate (Docket #16) in this Court on February 10, 2014.

Plaintiff has filed a motion (Docket #17) seeking attorney's fees, administrative fees, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $19,028.57 for time spent representing Plaintiff before this Court, prosecuting Plaintiff's appeal to the Second Circuit, and preparing the instant EAJA application. The Commissioner has opposed the motion (Docket #18), arguing that her position was "substantially justified" and therefore a fee award is not permitted under the EAJA. The Commissioner alternatively argues that should the Court find a fee award to be appropriate, it also should find that Plaintiff's request is excessive and should be reduced. Plaintiff has filed a reply (Docket #20).

The matter is now fully submitted and ready for decision. For the reasons set forth below, I grant in part and deny in part Plaintiff's motion for attorney's fees, administrative fees, and costs, and award Plaintiff a total of $16,020.26 in attorney's fees, $304.00 in administrative fees, and $94.12 in costs.

**DISCUSSION**

**I.   An Award of Attorney's Fees Under the EAJA**

The EAJA "provides that a court shall award attorney's fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Aston v. Secretary of Health and Human Servs., 808 F.2d 9,

10 (2d Cir. 1986) (citing International Woodworkers of Am. v. Donovan, 769 F.2d 1388, 1390 (9th Cir. 1985)). Thus, to qualify for an award of attorney's fees under the EAJA, a claimant must demonstrate that (1) he is a "prevailing party;" (2) the government's position in the underlying action was not "substantially justified;" (3) no "special circumstances" make the award of fees unjust; and (4) the fee application was submitted to the court within 30 days of the final judgment in the action. 28 U.S.C.A. § 2412(d)(1)(A). The Commissioner has placed component (2) at issue but has not challenged the other components.

### A. Timeliness

EAJA applications must be filed within 30 days of a judgment becoming "not appealable." 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G). In cases in which the final judgment has been rendered by a court of appeals, EAJA applications must be filed within 120 days of the day the court of appeals enters judgment. See Myers v. Sullivan, 916 F.2d 659, 671 (11th Cir.1990). The difference is due to the longer 90 day time frame provided for litigants to file petitions for writs of certiorari to the Supreme Court. See 28 U.S.C. § 2101(c). In this case, Plaintiff filed his application 62 days of the day the Second Circuit issued its order vacating this Court's judgment and remanding the case for further administrative proceedings.

### B. Prevailing Party

The first requirement of the EAJA is that the party seeking the fee award be the "prevailing party." E.g., Garcia v. Sullivan, 781 F.Supp. 969, 971 (S.D.N.Y. 1991) (citing 28 U.S.C. § 2412(d)(1)(A)). Plaintiff argues that he is a "prevailing party" because the Second Circuit remanded the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Shalaha v. Schaefer, 509 U.S. 292, (1993) (distinguishing between sentence four and sentence six remands under § 405(g) and providing that only a sentence four remand amounts to a final judgment entitling plaintiff to EAJA fees). The Court agrees. See id. at 301 (noting that (providing that "[n]o holding of this Court has ever denied prevailing party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g).").

### C. Substantial Justification

Having established that Plaintiff is a prevailing party, the Court turns to the question of whether the Commissioner has fulfilled her burden of making a "strong showing" that her position in the underlying civil action was "substantially justified." Sotelo-Aquije v. Slattery, 62 F.3d 54, 57 (2d Cir. 1995). To successfully oppose an application for attorney's fees under the EAJA by demonstrating that its position was "substantially justified", the Commissioner must make a "strong showing" that its

decision was "reasonable." Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir. 1988) (citing Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir. 1983)). However, the Commissioner's position can be justified even though it is incorrect. Pierce v. Underwood, 487 U.S. 552, 564 (1988). In Pierce, the Supreme Court explained observed that "substantially justified" "has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action][.]"' Id. at 564 (internal and other quotations and citations omitted). Therefore, the Supreme Court concluded, the connotation of the word "substantially" the one "most naturally conveyed by the phrase [substantially justified]" is not "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id.

Plaintiff contends that the Commissioner was not substantially justified because the Administrative Law Judge ("the ALJ") "failed to provide good reasoning for rejecting treating physician Dr. Carroll's opinion" and failed to discuss Dr. Carroll's opinion that Plaintiff, due to his impairments, had non-exertional limitations that would preclude competitive employment. Plaintiff thus is arguing that the Commissioner was not substantially justified because of these errors of law by the ALJ, and the

Commissioner's subsequent defense of these errors. This Court rejected both of Plaintiff's arguments, but the Second Circuit's decision remanding the case indicates that it agreed with Plaintiff on these points.

The Commissioner argues that simply because the Second Circuit found that the ALJ committed errors does not mean that its residual functional capacity finding was unreasonable. The Commissioner cites certain clinical notes by treating physician Dr. Carroll's that support the ALJ's finding, such as Plaintiff's negative straight leg raising and full strength in all four extremities, as well as Dr. Wills' opinion that Plaintiff could do light work lifting no more than 30 pounds. The Commissioner also points to this Court's conclusion that the ALJ's weighing of the treating source opinions was supported by substantial evidence, and argues that this finding is a "powerful indicator of the reasonableness" of the Commissioner's litigation position. Defendant's Memorandum ("Def's Mem.") (Docket #18) at 9 (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (citing United States v. Paisley, 957 F.2d 1161, 1167 (4th Cir. 1992)). However, the Ninth Circuit has observed that "[j]ust as a reversal does not per se make a position not substantially justified, such position is not presumptively reasonable simply because two courts disagreed." United States v. Real Property at 2659 Roundhill Drive, Alamo, California, 283 F.3d 1146 (9th Cir.

2002). See also United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 386 (7th Cir. 2010) (disagreeing with proposition that "the fact that the government was able to persuade a federal judge that it had not only a reasonable case, but a winner, should create an irrebuttable presumption that the government's position was substantially justified").

"When the Commissioner's decision is reversed by the Court of Appeals, the [district] court 'should analyze the actual merits of the government's litigating position.'" Eakin v. Astrue, No. 09 Cv 2823, 2011 WL 6156766, at *2 (N.D. Ill. Dec. 12, 2011) (quoting Golembiewski v. Barnhart, 382 F.2d 721, 724 (7th Cir. 2004)). In other words, this Court's EAJA review must be on the Second Circuit's evaluation of the merits of the Commissioner's decision, and not on this Court's initial evaluation. Id. (citing Thouvenot, Wade & Moerschen, Inc., 596 F.3d at 381 ("[The lower court] must accept the appellate court's view of the merits as the premise for evaluating the government's position."); other citations omitted). The Seventh Circuit has indicated that "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." Golembiewski, 382 F.3d at 724

Here, the Second Circuit reversed the Commissioner's decision and this Court's judgment in a summary order. The Second Circuit found that "[t]he ALJ gave only a conclusory explanation of why

Dr. Carroll's opinion regarding [Plaintiff]'s ability to lift 10 lbs. is inconsistent with the record" in disregard of the fact that it has "consistently held that the failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." (citations omitted). Courts have held that an award of fees and costs is appropriate under the EAJA where an ALJ's decision violates "clear and long judicial precedent" and fails to comply with the specific requirements of a Social Security Ruling. See, e.g., Golembiewski, 382 F.3d at 724; Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009). Furthermore, "[c]ourts in the Second Circuit commonly allow EAJA fees where the treating physician rule is abrogated." Henriquez v. Chater, No. 94 Civ. 7699 (SS), 1997 WL 45351, at *3 (S.D.N.Y. Feb. 5, 1997) (citing, inter alia, Garcia v. Sullivan, 781 F. Supp. 969, 973 (S.D.N.Y. 1991) (granting plaintiff EAJA fees where ALJ failed to apply the treating physician rule); Brown v. Sullivan, 724 F.Supp. 76, 77 (W.D.N.Y. 1989) (holding that "[a] position of the Secretary which is contrary to clearly established circuit precedent obviously cannot have a reasonable basis in the law" where ALJ and Secretary disregarded, inter alia, the treating physician rule) (citations and internal quotation marks omitted)). Given that the Second Circuit found the violation of the treating physician rule in this case so clearly apparent, and that it described the ALJ's assessment of the treating physician's opinion as "conclusory" the

Court finds that the Commissioner was not substantially justified in defending the ALJ's assessment of the treating source's opinion. See e.g., Eakin, 2011 WL 6156766, at *4 ("It is . . . clear from the Seventh Circuit's opinion that the Commissioner was not substantially justified in defending the ALJ's decision because she gave 'short shrift' to Dr. Mess's opinion and failed to apply the correct legal standard in determining what weight to assign it.").

### D. Factors That Make an Award of Fees Unjust

The Commissioner has not argued that there are any. Accordingly, the Court proceeds to determine the reasonableness of Plaintiff's fee request.

## II. Reasonableness of Plaintiff's Fee Request

Once a party has established entitlement to fees under the EAJA, the court must calculate what constitutes a reasonable attorney's fee using the "lodestar approach". Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Under this approach, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." Id.

The Supreme Court has explained that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The [attorney] should exercise 'billing judgment' with respect to hours worked .

. . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." <u>Hensley</u>, 461 U.S. at 433 (citing <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 279 (1st Cir. 1978)). Courts should exclude from the initial fee calculation hours that were not reasonably expended, included excessive, redundant, or otherwise unnecessary work. <u>Hensley</u>, 461 U.S. at 434.

### A.   Hours Billed

In support of her argument that the attorney's fees requested are "excessive", the Commissioner argues that "a review of Plaintiff's appeal reveals that creating the appeal did not involve any new research or substantial briefing." Def's Mem. at 7 (Docket #18). The Commissioner reproduces four passages from Plaintiff's briefs before this Court and on appeal and notes that they are nearly the same, word for word. <u>See</u> <u>id.</u> at 7-9 (citations omitted). Plaintiff does not dispute the similarities in the arguments, but reasonably asserts that it was necessary to include them at the appellate level. The Court has reviewed Plaintiff's district court brief against the brief submitted on appeal to the Second Circuit and agrees that they are substantially different in substance. The appellate brief contains a more detailed and exhaustive summary of the medical evidence and greatly expands on the arguments initially presented in the district court brief. In addition, Plaintiff filed a 13-page reply brief in response to the Commissioner's appellate

brief. Therefore, the Court rejects, in the main, the Commissioner's argument that all of Plaintiff's attorney's work on his appeal amounted to double-billing. However, the Court finds that amounts billed for researching and drafting the initial brief on appeal (a total of 32.6 hours)[1] should be reduced somewhat because there is some overlap between it and the district court brief. The Court has determined that 25% is the appropriate reduction. Therefore, Plaintiff is entitled to payment for 24.5 billable hours researching and drafting the initial appellate brief.[2]

The Commissioner does not challenge any of the other entries in Plaintiff's itemized billing records. See Docket #17-1 at pages 16-17 of 18. Plaintiff has 3.8 hours in billed attorney time in 2011; 35.3 hours in billed attorney time in 2012; and 55 hours in billed attorney time in 2013, for a total of 94.1 hours. However, this Court has carefully reviewed the billing records and finds that several entries are excessive. The Court strikes the following entries from the 2012 records: 01/11/12 (0.2 hour, "review Order granting IFP and issued summonses"); 08/02/12 (0.1 hour, "review text order for scheduling Response due date, update case

---

[1] See Docket #17-1 at pages 16-17 of 18 (04/25/13, 8.0 hours; 04/26/13, 8.0 hours; 04/29/13, 2.1 hours; 04/29/13, 5.0 hours; 04/30/13, 2.0 hours; 04/30/13, 2.5 hours; 04/30/13, 5.0 hours).

[2] All of these hours were expended in 2013.

tracking"); and 10/19/12 (0.1 hour, "review Order assigning case"), for a total of 0.4 hours.

The Court strikes the following entries from the 2013 records: 01/17/13 (0.1 hour, "Review Docket Text re: Forms C and D"); 01/29/13 (0.2 hour, "Review Second Circuit Docket text re: Notice of Appeal"); 02/22/13 (0.1 hour, "Review Electronic Index in lieu of record); 02/22/13 (0.1 hour, "Review Order re: scheduling notification); 05/01/13 (0.1 hour, "Review Order re: scheduling notification as to due date of Defendant's brief"); 05/16/13 (0.1 hour, "Review request by Clerk for additional paper copies of Joint Appendix"); 10/08/13 (0.1 hour, "Review Case Calendering re: on submission"); and 10/18/13 (0.1 hour, "Review Submitted Notice"), for a total of 0.9 hours.

With these entries removed from the records for the billed attorney time, Plaintiff has following hours of attorney time for which he can recover: 3.8 hours in 2011; 34.9 (35.3 - 0.4) hours in 2012; 24.5 hours (as adjusted) for preparing appellate brief in 2013; and 21.5 (22.4 - 0.9) hours spent on other appellate-related tasks and preparing EAJA motion in 2013. For 2013, then, the total attorney hours are 46 hours (24.5 + 21.5).

**B.  Appropriate Hourly Rate**

The Court next turns to the question of the appropriate hourly rate. The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an

increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA was enacted in March of 1996, when the consumer price index ("CPI") was 160.1. See Docket #17-1 at p. 14 of 18. Plaintiff asserts that "applying the cost of living increase to $125.00 per hour yields an hourly rate of $191.87 for . . . work hours performed through 2014." Docket #17-1 at p. 3 of 18. However, Plaintiff's attached billing records indicate the last billable hours were in July of 2013. Id. at p. 17 of 18. Furthermore, it is unclear how Plaintiff arrived at the rate of $191.87 for all of the years from 2011 (the commencement of this action) through 2014. The documents Plaintiff has attached to his motion indicate that the EAJA rate as modified by the yearly CPI was $186.90 per hour in 2011; $188.82 per hour in 2012; and $189.57 per hour in 2013. See Docket #17-1 at pp. 14-15 of 18. Applying these rates to the total hours the Court has found allowable, Plaintiff is entitled to payment of $710.22 (3.8 × $186.90) for 2011; $6,589.82 (34.9 attorney hours × $188.82) for 2012; and $8,720.22 (46 attorney hours × $189.57) for 2013. This yields a total in attorney's fees of $16,020.26.

The Commissioner does not challenge the administrative fees billed in the amount of $304.00 (3.8 hours at $80.00) or the costs assessed in the amount of $94.12. See Docket #17-1 at p. 18 of 18.

Therefore, the total recoverable by Plaintiff under the EAJA is $16,418.38 ($16,020.26 in attorney's fees + $304.00 in administrative fees + $94.12 in costs).

### C. Whether the Award Should be Paid to the Attorneys or Plaintiff

Plaintiff's counsel has attached a "duly executed Affidavit of Direct Payment" by Plaintiff "so that the payment of EAJA fees can be directly to [counsel] if Plaintiff does not have a federal debt at the time EAJA [award] is paid." Docket #17-1, ¶ 9 (citing Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010)). In Ratcliff, the Supreme Court noted,

> [t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

Id. at 2526–27. Consistent with the other district courts in the Second Circuit to have considered the issue, this Court finds that Ratliff states explicitly that the name on the check must be Plaintiff's and not his attorney's. Manning v. Astrue, No. 5:09-CV-88 FJS/VEB, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011) (citing Scott v. Astrue, No. 08-CV-910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011)). However, so long as Plaintiff himself appears as the payee on the check, there is no reason why the

Commissioner cannot mail the check to Plaintiff's counsel pursuant to the assignment. Id.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion (Docket #17) for fees and costs under the EAJA. Plaintiff is awarded $16,418.38 in combined attorney's fees, administrative fees, and costs. The Commissioner is directed to mail any post-offset payment, payable to Plaintiff, to his attorney.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   June 13, 2014
         Rochester, New York